## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

TERRANCE BRIDGEFORTH,            )
                                )
       Plaintiff,               )
                                )
vs.                             )     Case No.  CIV-08-1347-M
                                )
OKLAHOMA DEPT. OF CORRECTIONS,  )
    et al,                      )
                                )
       Defendants.              )

### REPORT AND RECOMMENDATION

Terrence Bridgeforth, proceeding *pro se* and *in forma pauperis*, is a state prisoner

confined in the Oklahoma State Penitentiary ("OSP") in McAlester, Oklahoma [Doc. No. 1,

p. 1].  He has brought this action pursuant to 42 U.S.C. 1983 complaining of violations of his

constitutional rights by the warden and certain correctional officers[1] at OSP.  *Id.* at 1 - 2.  In

addition, Plaintiff has named the Oklahoma Department of Corrections ("DOC") in the

caption of his complaint but has not separately denominated or described the agency as a

named Defendant.[2]  *Id.*

Plaintiff's complaint contains counts alleging that he has been deprived of food, *id.*

at 3 - 8, that he has been subjected to unnecessary force and brutality, *id.* at 8 - 10, that he has

---

[1]Plaintiff generally alleges that the named correctional officers are "correctional officer[s] of the Oklahoma Department of Corrections" who were assigned to OSP [Doc. No. 1, p. 1].

[2]Plaintiff alleges that he is "a prisoner of the State of Oklahoma in the custody of the Oklahoma Department of Corrections." [Doc. No. 1, p. 1].

been made to endure inhumane prison conditions, *id.* at 10 - 15, that he has been libeled, *id.* at 15 - 16, and, that he has been discriminated against, *id.* at 16 - 17, all by the OSP Defendants.  Damages as well as declaratory and injunctive relief are sought.  *Id.* at 20 - 22. Plaintiff asserts venue for this proceeding is appropriate in the Western District of Oklahoma "because it is where the events giving rise to this claim occurred."  *Id.* at 3.

## Standard for Initial Screening

Because Plaintiff is proceeding *in forma pauperis*, the court must review Plaintiff's complaint to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

## DOC - Eleventh Amendment Immunity

Plaintiff has named the DOC as a Defendant in the action.  Absent a specific waiver of immunity or express abrogation of the state's immunity by Congress, "[n]onconsenting States may not be sued by private individuals in federal court."  *Opala v. Watt*, 454 F.3d 1154, 1157 (10th Cir. 2006) (quotations omitted).[3]  Here, the State of Oklahoma has not expressly waived its Eleventh Amendment immunity to suit in federal court.  *See* Okla. Stat. tit. 51, § 152.1.  And the Supreme Court has held that § 1983 does not abrogate state

---

[3]In the Tenth Circuit, the court can consider the issue of Eleventh Amendment immunity *sua sponte*.  *See V-1 Oil Co. v. Utah State Department of Public Safety*, 131 F.3d 1415, 1420 (10th Cir. 1997).

sovereign immunity.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).  "[T]he DOC is an arm of the state and should be entitled to absolute [Eleventh Amendment] immunity."  *Eastwood  v. Department of Corrections*, 846 F. 2d 627, 631 (10th Cir. 1988). When a state agency is sued, the Eleventh Amendment applies regardless of the relief sought. *See ANR Pipeline Co. v. LaFaver*, 150 F.3d 1178, 1187 (10th Cir. 1998).  Thus, as an arm of the state, the DOC is clearly immune from suit in this court by virtue of the Eleventh Amendment to the United States Constitution and should be dismissed as a Defendant pursuant to 28 U.S.C. § 1915A(a).

## Venue

With the recommended dismissal of the DOC, the only remaining Defendants named in the complaint are state officials employed at OSP, which is located within the jurisdictional confines of the United States District Court for the Eastern District of Oklahoma.  All of the violations alleged in the complaint occurred at OSP, and none of the actions alleged in the complaint took place within the jurisdiction of this court. Thus, it appears that venue is proper in the Eastern District of Oklahoma and not in this court.

Because § 1983 does not contain a specific venue provision, venue is determined under the general venue provision found at 28 U.S.C. § 1391(b).  *Coleman v. Crisp*, 444 F.Supp. 31, 33 (W.D.Okla. 1977).  That statute provides that venue lies in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any

defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Plaintiff states that he is incarcerated at OSP in McAlester, Oklahoma, and that the remaining Defendants were assigned to positions at OSP. Plaintiff's complaint reveals that the constitutional violations of which he complains occurred at OSP. The undersigned takes judicial notice that the city of McAlester is located within Pittsburg County, Oklahoma, and that Pittsburg County is within the jurisdictional confines of the Eastern District of Oklahoma. 28 U.S.C. § 116(b).  Accordingly, the proper venue for this cause of action is the Eastern District of Oklahoma under 28 U.S.C. § 1391(b).

The court has the authority to raise the issue of defective venue on its own motion. *Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996).  However, Plaintiff must be given an opportunity to present his views on this issue where the court raises venue *sua sponte*. *Stjernholm*, 83 F.3d at 349.  In this regard, it is noted that the Plaintiff has an opportunity to be heard on the venue issue by timely filing an objection to the Report and Recommendation. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (unpublished op.) (noting there is no due process issue when the court raises procedural bar *sua sponte* as petitioner has an opportunity to address the matter by objecting to the magistrate judge's report and recommendation prior to the district judge adopting it).

Under 28 U.S.C. § 1406(a), a court may dismiss or, in the interest of justice, transfer a case in which venue is defective. This provision allows a district court to transfer a case

4

"to any district or division in which it could have been brought." The decision as to whether

to dismiss or transfer a case on the basis of improper venue "lies within the sound discretion

of the district court." *Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1191 (10th

Cir. 1998). In the exercise of the court's discretion, Plaintiff's cause of action should be

transferred to the United States District Court for the Eastern District of Oklahoma.

### RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For these reasons, the undersigned Magistrate Judge recommends that this action  be

dismissed upon filing as to Defendant Oklahoma Department of Corrections and that the

remainder of the action be transferred to the United States District Court for the Eastern

District of Oklahoma.  Plaintiff is advised of his right to file an objection to this Report and

Recommendation with the Clerk of the Court by January 20, 2009, in accordance with 28

U.S.C. § 636 and Local Civil Rule 72.1.  Plaintiff is further advised that failure to make

timely objection to this Report and Recommendation waives his right to appellate review of

both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th

Cir. 1991).   This Report and Recommendation disposes of all issues referred to the

undersigned Magistrate Judge in the captioned matter.

DATED this 31st day of December, 2008.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE